# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 13 EAL 2016 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the **Unpublished Memorandum and** |
| v. | : | **Order** of the Superior Court at No. 1771 |
| | : | EDA 2014 exited December 8, 2015, |
| | : | **affirming** the Order of the Philadelphia |
| TYRONE JONES, | : | County Court of Common Pleas at No. |
| | : | CP-51-CR-0612181-1973 exited May |
| Petitioner | : | 21, 2014 |

## ORDER

**PER CURIAM**

**AND NOW**, this 18th day of April, 2016, the Petition for Allowance of Appeal is **GRANTED** limited to the issue of whether Petitioner's sentence violates the prohibition against mandatory life sentences for juvenile offenders announced by the Supreme Court of the United States in Miller v. Alabama, 132 S. Ct. 2455 (2012). As a result of the recent holding that Miller must be applied retroactively by the States, Montgomery v. Louisiana, 136 S. Ct. 718 (2016), the Superior Court's order is **VACATED IN PART**. The case is **REMANDED** to the Court of Common Pleas for further proceedings consistent with Montgomery. Allowance of appeal is **DENIED** in all other respects.

To the extent necessary, leave is to be granted to amend the post-conviction petition to assert the jurisdictional provision of the Post Conviction Relief Act extending

to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive.  42 Pa.C.S. § 9545(b)(1)(iii).

Mr. Justice Eakin did not participate in the consideration or decision of this matter.